[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-15470

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 28, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00636-CV-T-30-TBM

MARIJA STONE,

                                                Plaintiff-Appellant
                                                Cross-Appellee,

        versus

GEICO GENERAL INSURANCE COMPANY,
a foreign corporation,

                                                Defendant-Appellee
                                                Cross-Appellant,

GEICO DIRECT, INC.,
a Florida corporation,

                                                Defendant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(May 28, 2008)**

Before EDMONDSON, Chief Judge, BLACK and FARRIS,[*] Circuit Judges.

PER CURIAM:

Marija Stone appeals the district court's grant of summary judgment in favor of Geico. Stone filed suit pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 623, and the Florida Whistleblowers' Act, Fla. Stat. § 448.102(3). Geico cross-appeals the court's denial of its motion for attorneys' fees. We review de novo a district court's order granting summary judgment. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1085 (11th Cir. 2004). We vacate the district court's order and remand for further proceedings.

## I

We analyze Stone's ADEA retaliation claim[1] using the Title VII burden shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc). Under this framework, "[t]he plaintiff first has the burden of proving a prima facie case of discrimination by a preponderance of the evidence. The burden then shifts to the defendant to 'articulate some legitimate nondiscriminatory reason' for the

---

[*] Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit Court of Appeals, sitting by designation.

[1] Stone's Florida Whistleblowers' Act claim turns on our resolution of her ADEA claim, as the ADEA is the only law that she alleges Geico violated.

2

alleged discrimination. If the defendant produces such a reason, the plaintiff must then prove that the legitimate reason offered was a mere pretext for an illegal motive." *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 597 (11th Cir. 1994) (citation omitted).

To establish a prima facie case of retaliation, Stone must show that (1) she engaged in ADEA protected expression; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression. *Bass v. Bd. of County Comm'rs*, 256 F.3d 1095, 1117 (11th Cir. 2001).

The district court found and Geico contends that Stone did not meet her prima facie burden. The record indicates that she did.

## A

Geico argues that Stone's December 2003 report of age discrimination to Geico's human resources manager Diana Diaz was not ADEA protected activity. This argument is unavailing.

To establish that she engaged in ADEA protected expression, Stone must show that she "had a good faith, reasonable belief that the employer was engaged in unlawful employment practices." *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002) (citation and quotation omitted). Stone's subjective belief must be "*objectively* reasonable in light of the facts and record presented." *Id.* at

3

1312 (citation and quotation omitted) (emphasis in original).

Stone's belief that her employer engaged in discrimination, as reported to Diaz, was objectively reasonable. Stone testified that her direct manager, Kathy Watkins, told her to scrutinize Marie Walters and two other employees over the age of 55. Watkins told Stone that she wanted "Walters gone" because Walters was "too slow." Watkins did not deny Walters's accusation of discrimination, but instead said "tell Marie Walters I'm not afraid and tell her to bring it on." Stone's December 2003 report to Diaz was protected activity.[2]

**B**

Stone argues that she suffered three adverse actions: (1) a written performance warning from Watkins on July 7, 2003, (2) hostile comments from Watkins from May 2003 to August 2004, and (3) termination on August 16, 2004.

Retaliation is actionable where "a reasonable employee would have found the challenged action materially adverse, which in . . . context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68

---

[2]  Stone argues that her May 2003 refusal to issue a warning to Walters was also protected activity. Stone's reliance on *EEOC v. Navy Federal Credit Union*, 424 F.3d 397, 406 (4th Cir. 2005) is misplaced. Nothing in the record indicates that Stone refused to issue the warning as opposition to an unlawful employment practice.

4

(2006) (citation and quotation omitted).

We do not consider the July 7, 2003 performance warning that preceded Stone's statutorily protected ADEA expression. *See Griffin v. GTE Florida, Inc.*, 182 F.3d 1279, 1284 (11th Cir. 1999) ("at a minimum, [the plaintiff] must show that the adverse act followed the protected conduct"). Watkins's comments about Stone's appearance and demeanor are "petty slights" that a reasonable employee would not consider to be materially adverse. *White*, 548 U.S. at 68. However, as Geico admits and the district court found, Stone's August 2004 termination was an adverse action. *See id.*

## C

Geico contends that Stone cannot demonstrate causation where eight months passed between the time Stone's employer learned of her protected activity and her termination. We reject the argument.

To show causation, Stone must show that: (1) the decision-makers were aware of her protected conduct, and (2) the protected activity and the adverse employment action were not wholly unrelated. *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 590 (11th Cir. 2000). "A plaintiff satisfies this element if [s]he provides sufficient evidence of knowledge of the protected expression and that there was a close temporal proximity between this awareness and the adverse . . . action."

*Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004) (citation and quotation omitted).

Geico relies on *Clark County Sch. Dist. v. Breeden* for the proposition that temporal proximity is measured from the date that the *employer* gains knowledge of the protected activity, not the decision-maker. 532 U.S. 268, 273 (2001) (per curiam). Geico misreads *Breeden*. In *Breeden*, the Supreme Court held that causation was lacking for two reasons: (1) there was no evidence that the plaintiff's supervisor (the decision-maker) actually knew about her protected activity; and (2) even if the court could impute the employer's knowledge of the protected activity to the decision-maker, this would not show temporal proximity–the employer learned of the protected activity 20 months before the adverse action. *Id.* at 273-74.

*Breeden* is consistent with our rule that the protected activity must be known to the decision-maker who takes the adverse action. *See Bass*, 256 F.3d at 1119 ("[I]t is not enough for the plaintiff to show that someone in the organization knew of the protected expression; instead, the plaintiff must show that the person taking the adverse action was aware of the protected expression.").[3]

---

[3]     We need not decide whether we may impute an employer's knowledge of protected activity to a decision-maker. Here, Geico acknowledges that the decision-maker knew of Stone's protected activity in July 2004, and took adverse action one month later.

As Geico acknowledges, Diana Napoles was the decision-maker who learned of Stone's protected activity in July 2004 and terminated her employment on August 16, 2004. The close temporal proximity is sufficient to show causation. *See Higdon*, 393 F.3d at 1220 (A one-month period is not too protracted to fail causation).

## II

We VACATE the district court's order and REMAND for further proceedings. We do not reach the issues of whether Geico's reasons for discharging Stone were pretextual or whether Geico is entitled to attorneys' fees.